MARY JO O'NEILL  AZ Bar No. 005924
SALLY C. SHANLEY  AZ Bar No. 012251
P. DAVID LOPEZ  DC Bar No. 426463
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Phoenix District Office
3300 North Central Avenue, Suite 690
Phoenix, Arizona  85012
Telephone:  (602) 640-5016
e-mail:  mary.oneill@eeoc.gov
         sally.shanley@eeoc.gov
         patrick.lopez@eeoc.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>                Plaintiff,<br><br>         vs.<br><br>AutoZone, Inc., a Nevada corporation,<br><br>                Defendant. | **COMPLAINT AND JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title I and Title V of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Chad Farr ("Mr. Farr") who was adversely affected by such practices.  Mr. Farr has Retinitis Pigmentosa and is legally blind.  Despite his disability, Mr. Farr seeks to be a productive member of society, which includes working.  As alleged with greater particularity below, the Commission alleges Defendant AutoZone, Inc. ("Defendant" or "AutoZone") discriminated against Mr. Farr because of his disability, by failing to provide a reasonable accommodation, terminating him,  and refusing to promote him to a Parts Manager position, in violation of Section 102 of the ADA, 42 U.S.C. §12112(a).   In addition, the Commission alleges that Defendant failed to retain materials relevant to the employment actions at issue in this case, as required by federal law,

and that it commingled medical records with personnel records.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference 42 U.S.C. Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), §2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Arizona.

**PARTIES**

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant AutoZone has continuously been a Nevada corporation doing business in the State of Arizona and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant AutoZone has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

**STATEMENT OF CLAIMS**

7. More than thirty days prior to the institution of this lawsuit, Mr. Farr filed a

charge with the Commission alleging violations of Title I of the ADA by Defendant AutoZone. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least January 2001, Defendant AutoZone has engaged in unlawful employment practices at its Cottonwood, Arizona facility, in violation of Section 102 of Title I and in violation of Title V of the ADA, 42 U.S.C. 42 U.S.C. §§ 12112(a) and 12203(a). These unlawful employment practices include but are not limited to the following:

    A. Failing to accommodate his visual impairment by allowing him to bring a guide dog to work,

    B. Failing to permit him to return to work with a reasonable accommodation and, thereby, terminating him from AutoZone, and

    C. Denying him promotion to Parts Sales Manager because of myths, fears, and stereotypes about his visual impairment.

9. The effect of the practices complained of in paragraph 8 (a)-(c) above has been to deprive Mr. Farr of equal employment opportunities and otherwise adversely affect his status as an employee, because of his disability.

10. The unlawful employment practices complained of in paragraph 8 (a)-(c) above were and are intentional.

11. The unlawful employment practices complained of in paragraph 8 (a)-(c) above were and are done with malice or with reckless indifference to the federally protected rights of Mr. Farr.

12. Since at least January 2001, Defendant has failed, in violation of Section 709(c) of Title VII, 42 U.S.C. §2000e-8(c) and 29 C.F.R. §1602.14 (2001), to make and preserve records relevant to the determination of whether unlawful employment practices have been or are being committed.

13. Since at least January 2001, Defendant has violated Section 102(d)(3)(B) of the ADA by commingling medical records in employee personnel files.

### **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

    A. Grant a permanent injunction enjoining Defendant AutoZone, its officers,

successors, assigns, and all persons in active concert or participation with it, from engaging in disability discrimination and any other employment practice which discriminates on the basis of disability.

    B.    Order Defendant AutoZone to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

    C.    Order Defendant AutoZone to make whole Mr. Farr, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement of Mr. Farr or, in the alternative, frontpay.

    D.    Order Defendant AutoZone to make whole Mr. Farr by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 8 (a)-(c) above, including medical expenses not covered by AutoZone's employee benefit plan, in amounts to be determined at trial.

    E.    Order Defendant AutoZone to make whole Mr. Farr by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 8 (a)-(c) above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

    F.    Order Defendant AutoZone to pay Mr. Farr punitive damages for its malicious and reckless conduct, as described in paragraph 8 (a)-(d) above, in amounts to be determined at trial.

    G.    Grant such further relief as this Court deems necessary and proper in the public interest.

    H.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

4

//

RESPECTFULLY SUBMITTED this 17th day of July, 2006.

        JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 L Street, N.W.
Washington, D.C.  20507

 s/ Mary Jo O'Neill
MARY JO O'NEILL
Regional Attorney

 s/ Sally C. Shanley
SALLY C. SHANLEY
Supervisory Trial Attorney

 s/ P. David Lopez
P. DAVID LOPEZ
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
3300 North Central Ave., Suite 690
Phoenix, Arizona  85012-2504
Attorneys for Plaintiff