1  **WO**

2

3

4

5

6             IN THE UNITED STATES DISTRICT COURT

7             FOR THE DISTRICT OF ARIZONA

8

9

10  Equal Employment Opportunity              )
    Commission,                              )
11                                           )
                       Plaintiff,            )   No. CV 06-1767-PCT-PGR
12                                           )
              vs.                            )
13                                           )   <u>ORDER</u>
    AutoZone, Inc.,                          )
14                                           )
                       Defendant.            )
15  _____ )

16        Pending before the Court is the Motion to Intervene (doc. #6) brought by

17  Chad Farr, the person on whose behalf the E.E.O.C. brought this disability

18  discrimination action. The Court finds that the motion, to which neither party has

19  responded in any manner, should be granted notwithstanding that its presentation

20  is unacceptably incomplete.[1]

21  _____

            [1]
22        The "substantive" portion of the motion, which is all of three sentences long, fails to
    cite any statutory or procedural basis for the motion and thus violates LRCiv 7.2(b), which
23  requires a motion to set forth "the points and authorities relied upon in support of the motion."
    The motion is also unaccompanied by a proposed complaint in intervention and thus violates
24  Fed.R.Civ.P. 24(c), which mandates, even when a federal statute gives a right to intervene, that
    a motion to intervene be "accompanied by a pleading setting forth the claim ... for which
25  intervention is sought."

26                                  - 1 -

1    The Court presumes that the unstated basis of Mr. Farr's motion is

2  Fed.R.Civ.P. 24(a), which provides in pertinent part that "[u]pon timely application

3  anyone shall be permitted to intervene in an action: (1) when a statute of the

4  United States confers an unconditional right to intervene[.]"  The Court concludes

5  that Mr. Farr has a statutory right to intervene because Title I of the Americans

6  with Disabilities Act, 42 U.S.C. § 12117(a), expressly incorporates the language

7  of Title VII, which provides that "[t]he person ... aggrieved shall have the right to

8  intervene in a civil action brought by the [E.E.O.C.]"  42 U.S.C. § 2000e-5(f)(1).

9  *See* Willis v. W.H. Braum, Inc., 80 Fed.Appx. 63, 66-67 (10th Cir. 2003);  McClain

10 v. Wagner Electric Corp., 550 F.2d 1115, 1119 (8th Cir. 1977).  The Court further

11 finds that the motion to intervene was timely brought because it was filed some

12 nine weeks after the commencement of this action.

13    Since Mr. Farr has not provided the Court with a proposed complaint in

14 intervention, the only information that the Court has before it regarding the claims

15 Mr. Farr wants to bring is the statement in his motion that his "allegations will be

16 the same as those set forth in the Complaint and Jury Trial Demand previously

17 submitted by the E.E.O.C."  Given that statement, and the fact that the statutory

18 right to intervene does not grant an unconditional right to assert claims in addition

19 to those asserted by the E.E.O.C., Mr. Farr will be permitted to set forth in his

20 complaint in intervention only those administratively-exhausted claims of his that

21 are included in the claims raised by the E.E.O.C.  Therefore,

22    IT IS ORDERED that Chad Farr's Motion to Intervene (doc. #6) is granted

23 and that he shall be permitted to intervene in this action as a party plaintiff.

24 / / /

25 / / /

26                                    - 2 -

1    IT IS FURTHER ORDERED that Chad Farr shall file his complaint in

2  intervention no later than **November 13, 2006**.[2]

3    DATED this 30th day of October, 2006.

4

5

6

Paul G. Rosenblatt
7  United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

_____

24    2

    Mr. Farr's counsel shall familiarize themselves with the Court's Order Setting
25  Scheduling Conference (doc. #3).

26                                    - 3 -