**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>    Plaintiff,<br>vs.<br><br>AutoZone, Inc.,<br><br>    Defendant. | No. CV-06-1767-PCT-PGR<br><br>ORDER |

Pending before the Court is Defendant's Motion for Rule 35 Physical and Mental Examination of Plaintiff Intervenor Chad Farr (doc. #53). The EEOC has opposed the motion, as has Farr who has filed a one-sentence joinder in the EEOC's response to the motion. Having considered the parties' memoranda, the Court, in the exercise of its sound discretion, finds that the motion should be granted in part and denied in part.

Under Fed.R.Civ.P. 35(a), the Court may order that a party undergo a physical and/or mental examination by a suitably licensed or certified examiner if the party seeking to compel the examination demonstrates (1) that the physical or mental condition of the party to be examined is in controversy, and (2) that there is good cause for the examination. *See* Schlagenhauf v. Holder, 379 U.S. 104, 85

S.Ct. 234 (1964).

Physical Examination

    The plaintiffs have alleged that AutoZone has violated the ADA by its conduct towards Farr, who alleges that he is legally blind as a result of Retinitis Pigmentosa, a degenerative condition. AutoZone has requested in part that Farr be ordered to undergo an eye examination by an ophthalmologist to verify the extent of his Retinitis Pigmentosa. Since the Court concludes that AutoZone has met the requisite "in controversy" and "good cause" requirements, albeit minimally so, the Court will permit the physical examination to be conducted.[1]

    Farr's eye condition is in controversy because the ADA claim cannot be sustained unless it is proven *inter alia* that his Retinitis Pigmentosa is sufficiently severe as to constitute an ADA-defined disability and that he is nevertheless able to perform the essential functions of his job, either with or without reasonable accommodation. Since Farr is in part seeking reinstatement, AutoZone has the right under the ADA to determine his current fitness for duty. *See* Harris v. Harris & Hart, Inc., 206 F.3d 838, 844-45 (9th Cir. 2000) (Court concluded that since the ADA permits an employer to require a medical examination of an injured employee returning to work to determine his fitness to perform essential job functions, common sense dictates similar treatment of former employees with known disabilities.)

---

[1] The Court's resolution of the instant motion has been hampered by AutoZone's inexplicable failure to submit supporting documentation. AutoZone has not, for example, submitted any affidavit or declaration from Dr. Rosenbaum, its ophthalmology expert, supporting its contention that Dr. Rosenbaum disagrees with "at least one diagnosis and one cause" contained in Farr's disclosed medical records. AutoZone also has not submitted any portion of Farr's deposition to support its contention that he was unable to provide details of the extent of his diagnosis and its direct effects.

Sufficient good cause exists for the medical examination given that the EEOC does not dispute AutoZone's contention that Farr's most recent medical examination was in January, 2004. The Court is unpersuaded by the EEOC's argument that AutoZone should first be required to take the depositions of Farr's physicians before being allowed to conduct the requested medical examination. While AutoZone has not exhausted less invasive avenues of discovery regarding Farr's alleged disability, that factor is not decisive in a finding of good cause. *See* Ayat v. Societe Air France, 2007 WL 1120358, *6 (N.D.Cal. April 16, 2007). Furthermore, since AutoZone has the right to conduct discovery in the sequence of its choosing, *see* Fed.R.Civ.P. 26(d), it may choose to conduct the examination prior to deposing Farr's physicians.

The EEOC conclusorily requests that the plaintiffs' counsel be permitted to attend any Rule 35 examination ordered by the Court and that the examination be recorded. While the Court will permit counsel to attend the examination, given that AutoZone has previously made such an offer to the EEOC in writing regarding the physical examination, the Court, in accordance with the weight of federal authority, will not permit the examination to be recorded absent the stipulation of the parties because the EEOC has made no effort to establish the existence of any special need or good cause for recording the examination. *See e.g.*, Tirado v. Erosa, 158 F.R.D. 294, 299 (S.D.N.Y. 1994).

Mental Examination

AutoZone also requests that it be allowed to conduct a Rule 35 mental examination of Farr, a much more invasive procedure that the requested eye examination. The EEOC argues in part that AutoZone is not entitled to the mental examination because it has not sufficiently established that Farr's mental

condition is "in controversy" in this action.[2]   While it is a close question, the Court concurs with the EEOC and will not permit AutoZone to conduct a mental examination of Farr.[3]

In agreement with the weight of authority on this issue, the Court accepts that AutoZone must show more than that Farr has claimed emotional distress in order to meet its burden of establishing the "in controversy" requirement.  *See* Turner v. Imperial Stores, 161 F.R.D. 89, 97 (S.D.Cal. 1995).   Rather, AutoZone must additionally show one or more of the following: (1) a cause of action for intentional or negligent infliction of emotional distress; (2) an allegation of a specific mental or psychiatric injury or disorder; (3) a claim of unusually severe emotional distress; (4) the plaintiffs' offer of expert testimony to support a claim of emotional distress; and/or (5) the plaintiffs' concession that Farr's mental condition is "in controversy" within the meaning of Rule 35.  *Id.* at 95.   Of these elements, only the third one appears to be at issue here.[4]

---

[2] The Court notes that the portion of AutoZone's motion seeking a mental examination is subject to denial because the motion failed to comply with Rule 35(a)'s express requirement that such a motion specify "the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made."

[3] The Court notes that it may be willing to reconsider this decision if future discovery shows that Farr is claiming more severe emotional distress than the current record establishes.   The Court will not reconsider this decision based merely on the submission of existing evidence that AutoZone could have submitted with its motion.

[4] The EEOC states that Farr has not identified, and does not intend to identify, any expert witness to testify about his emotional damages, that he has not filed any separate claim for the infliction of emotional distress, that he does not contend that he has suffered any specific mental or psychiatric injury or disorder as a result of the defendant's alleged violations of the ADA, and that he has not received, and does not claim to require in the future, any professional psychological care stemming from the defendant's alleged conduct.

The relevant allegations in Farr's complaint in intervention, which are simply that he is seeking compensatory damages for "emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation[,]" are merely adjunct garden variety emotional distress allegations which are insufficient to put Farr's mental condition in controversy. AutoZone contends, however, albeit without any evidentiary support in the record, but also without any contravention from the EEOC, that Farr stated in his Initial Disclosure Statement that as a result of AutoZone's treatment of him he has suffered deep depression and an inability to control his depression, trouble sleeping, massive weight gain, uncontrollable sobbing and loss of faith in himself and in mankind.[5]

While the Court will accept AutoZone's description of the extent of Farr's emotional distress for the purposes of resolving the instant motion, the Court cannot conclude that such distress is sufficiently unusually severe as to satisfy the "in controversy" requirement because nowhere has AutoZone shown that Farr's emotional distress has resulted in any specific and/or ongoing psychiatric or psychological illness for which he has received medical treatment or that the majority of his claim for monetary damages arises from his alleged emotional distress. Therefore,

IT IS ORDERED that Defendant's Motion for Rule 35 Physical and Mental Examination of Plaintiff Intervenor Chad Farr (doc. #53) is granted as to the

---

[5] The Court assumes for the purposes of this order that Farr has in fact made such allegations. The Court finds it inexplicable, however, that AutoZone has not seen fit to provide the Court with the disclosure statement which it contains those allegations.

The Court also notes that AutoZone has made no effort to provide any support for its conclusory statements that Farr has experienced at least two other non-work related stressful events during the time period at issue that might have contributed to his claimed emotional distress.

request for a physical examination and is denied as to the request for a mental examination.

IT IS FURTHER ORDERED that Defendant's Motion to Extend Expert Disclosure Deadline (doc. #67) is granted to the extent that the experts' reports shall be disclosed no later than **August 20, 2007**, rebuttal experts' reports shall be disclosed no later than **September 14, 2007**, and all discovery shall be completed no later than **October 1, 2007**.[6]

IT IS FURTHER ORDERED that defendant AutoZone, Inc., after consultation with the plaintiffs, shall submitted a proposed form of order in compliance with the requirements of Fed.R.Civ.P. 35(a) no later than **August 1, 2007**.

DATED this 23rd day of July, 2007.

Paul G. Rosenblatt
United States District Judge

---

[6] The remaining deadlines in the Amended Scheduling Order (doc. #50) shall remain in full force and effect.