**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Equal Employment Opportunity
Commission,

    Plaintiff,

  vs.

AutoZone, Inc.

    Defendant.

No. CV-06-1767-PCT-PGR

<u>ORDER</u>

  Pending before the Court is Defendant AutoZone's Motion for Summary Judgment (doc. #110).[1]  Having considered the parties' memoranda, the Court finds that the defendant's motion should be denied as moot.[2]

  In paragraph 12 of its Complaint, the Equal Employment Opportunity Commission ("EEOC") alleges that "[s]ince at least January 2001, Defendant has failed, in violation of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c) and 29 C.F.ER. 1602.12 (2001), to make and preserve records relevant to the

---

[1]   Also pending is Plaintiff EEOC's Motion for Partial Summary Judgment (doc. #112).  The Court will resolve that motion by separate order.

[2]   Although the defendant has requested a hearing, the Court concludes that oral argument would not aid the decisional process.

1 determination of whether unlawful employment practices have been or are being

2 committed[,]" and in paragraph 13 of the Complaint, it alleges that "[s]ince at least

3 January 2001, Defendant has violated section 102(d)(3)(B) of the ADA by

4 commingling medical records in employee personnel files." EEOC's prayer for

5 relief does not specifically request any remedy for the violations alleged in

6 paragraphs 12 and 13.

7 　　　　The defendant seeks partial summary judgment motion as a matter of law

8 as to the allegations in paragraphs 12 and 13 solely on the ground that the

9 statutes and regulation cited therein do not provide a cause of action for

10 damages.  S*ee* e.g*.*, Lombard v. MCI Telecommunications Corp., 13 F.Supp.2d

11 621, 627-28 (N.D.Ohio 1998) (Court found that an employee may not sue an

12 employer for damages as a result of the employer's failure to maintain records as

13 required by 9 C.F.R. § 1602.14.)

14 　　　　In its response, the EEOC, essentially ignoring the issue of damages,

15 argues that the law permits it to seek injunctive relief from this Court for a record

16 keeping or commingling violation under Title VII and the ADA; to that end, it

17 states that it will contend at trial that the defendant's record keeping violation

18 warrants both injunctive relief and an adverse evidentiary inference against the

19 defendant.

20 　　　　While the Court agrees that injunctive relief is a permissible remedy for a

21 violation of the record keeping requirements of 29 C.F.R. § 1602.14, *see* U.S.

22 Equal Employment Opportunity Comm'n v. Target Corp., 460 F.3d 946, 954-55

23 (7th Cir. 2006); E.E.O.C. v. Go Daddy Software, Inc., 2007 WL 1076701 (D.Ariz.

24 April 6, 2007), the sole issue before the Court is limited to whether damages are

25 also available.  Since the EEOC is apparently admitting that it will not seek

26

damages for the alleged violations set forth in paragraphs 12 and 13 of the Complaint, the Court will hold the EEOC to that admission and concludes that there is in fact no viable issue before it as to whether damages are a permissible remedy for a violation of § 1602.14.  Therefore,

IT IS ORDERED that Defendant AutoZone's Motion for Summary Judgment (doc. #110) is denied as moot.

IT IS FURTHER ORDERED that plaintiff Equal Employment Opportunity Commission is barred from seeking damages for any claims set forth in paragraphs 12 and 13 of its Complaint.

DATED this 15th day of September, 2008.

Paul G. Rosenblatt
United States District Judge