**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, et al.,<br><br>        Plaintiffs,<br><br>vs.<br><br>AutoZone, Inc.,<br><br>        Defendant. | No. CV-06-1767-PCT-PGR<br><br>ORDER ON REMAINING MOTIONS IN LIMINE |

Pending before the Court is Plaintiff/Intervenor Farr's Motion in Limine to Preclude Reference to Settlement Negotiations (doc. #131), wherein he requests that any references to AutoZone's offers of reinstatement be precluded pursuant to Fed.R.Evid. 408 on the ground that they constituted settlement offers, and the related Defendant's Motion in Limine No. 8 to Limit Damages (doc. #140), wherein it requests, pursuant to Ford Motor Co. v. EEOC, 458 U.S. 219, 102 S.Ct. 3057 (1982), that any award of back-pay and front-pay to Farr be cut-off as of December 21, 2004, which it contends is when it made its first of three unconditional offers to reinstate Farr with his guide dog.  Having considered the parties' memoranda in light of the oral argument of counsel, the Court finds that both motions should be denied as the complete resolution of both involves the

determination of material issues of fact that fall within the province of the jury.

While Fed.R.Evid. 408(a) generally bars the admission of statements and conduct made "in the course of compromise negotiations[,]" an employer's unconditional offer of reinstatement in a discrimination case is admissible and does not fall within the scope of Rule 408. See i*d.* at 227, 102 S.Ct. at 3063 (Supreme Court held that, absent special circumstances, when an employer makes an unconditional offer to an employee terminated as a result of discrimination to reinstate that employee to a substantially equivalent job, the employee's rejection of that offer forecloses any claim for future front pay and tolls the continuing accrual of back-pay liability under Title VII as of the date of the employee's rejection.); Lightfoot v. Union Carbide Corp., 110 F.3d 898, 909 (2nd Cir.1997).

The Court cannot conclude as a matter of law that either of the letters that AutoZone sent in December of 2004 constituted offers of settlement because they were sent in response to the EEOC's requests for information and only incidently dealt with the issue of Farr's possible reinstatement. The Court also cannot conclude as a matter of law that the December, 2004 letters constituted unconditional offers of reinstatement for purposes of the Ford Motor Co. case due to their vagueness and due to the fact that they were not sent to Farr, but rather to Bentley Brunson, the EEOC investigator assigned to Farr's case. *See e.g.,* Bahadirli v. Domino's Pizza, 873 F.Supp. 1528, 1536 (M.D.Ala.1995) (Court concluded that a reinstatement offer was insufficient for Ford Motor Co. purposes in part because the offer was made to the EEOC and not to the plaintiff employee and there was no evidence that the offer was ever passed on to the plaintiff.)

While AutoZone's letter of March 27, 2007, which was sent to Farr's

1  attorney, is facially an offer of settlement for purposes of Rule 408, the
2  admissibility of the letter cannot be resolved at this time because the record has
3  not been sufficiently developed to permit a determination as to whether the letter
4  falls within the exception created by the Ford Motor Co. case.  At the very least,
5  there is the unresolved issue of whether Farr's rejection of the reinstatement offer
6  was or was not objectively reasonable. S*ee e.g.,* Smith v. World Ins. Co., 38 F.3d
7  1456, 1463 and 1465 (8th Cir.1994) (Court concluded that a reinstatement offer
8  that was reasonably rejected by the employee does not terminate the accrual of
9  damages, and that the reasonableness of the rejection is a question of fact for the
10 jury to resolve.)

11 Also pending before the Court is Defendant's Motion in Limine No. 1: To
12 Preclude Information Obtained Through Ex Parte Communications with
13 Supervisors (doc. #133).  Having considered the parties' memoranda in light of
14 the oral argument of counsel, the Court finds that the motion should be denied.

15 AutoZone seeks an order precluding the plaintiffs from presenting any
16 evidence based on information that EEOC investigator Jeremy Yubeta obtained
17 through *ex parte* communications with former AutoZone managerial employees
18 Steve Agredano and Scott Anderson, who Yubeta interviewed on July 14, 2005
19 and May 27, 2005, respectively, without AutoZone's knowledge or permission.
20 AutoZone's motion is premised on the Arizona Supreme Court's Ethical Rule 4.2,
21 which provides that "[i]n representing a client, a lawyer shall not communicate
22 about the subject of the representation with a party the lawyer knows to be
23 represented by another lawyer in the matter, unless the lawyer has the consent of
24 the other lawyer or is authorized by law to do so[,]" and on Lang v. Superior
25 Court, 826 P.2d 1228, 1234-35 (Ariz.App.1992), which permits a lawyer to have
26

"*ex parte* contact with a former employee of an opposing party who is represented by counsel without violating ER 4.2 unless the acts or omissions of the former employee gave rise to the underlying litigation or the former employee has an ongoing relationship with the former employer in connection with the litigation."

Rule 4.2 specifically makes an exception for *ex parte* contacts which are "authorized by law." While the Court concludes that Rule 4.2 is generally applicable to the EEOC, the specific legal issue underlying AutoZone's motion is whether Rule 4.2 is applicable to *ex parte* contacts by an EEOC investigator during a pre-litigation, administrative investigation, which is when the *ex parte* contacts at issue took place. AutoZone has not, however, cited to, or discussed, any case law deciding that specific issue in its favor, and has thus not met its burden of persuading the Court that its motion should be granted.[1]

---

[1] Although the Court is not now deciding the issue, the Court notes that there is at least some authority supporting the plaintiffs' contention that the EEOC did not violate Rule 4.2 in having its investigator conduct *ex parte* interviews with Agredano and Anderson. *See e.g.*, U.S. Equal Employment Opportunity Comm'n v. Illinois Dept. of Employment Security, 6 F.Supp.2d 784, 788 (N.D.Ill.1998) (Court noted, without deciding the issue, that "there is authority for the proposition that the EEOC's investigation of a charge of discrimination falls within the exception to the no-contact rule where contact is permitted if 'otherwise authorized by law.'"); United States v. Teeven, 1990 WL 599373, at *4 (D.Del. Sept. 28, 1990) (Court concluded in a False Claims Act case that the Government did not violate Rule 4.2 by conducting *ex parte* interviews with the defendant's employees as part of its investigation prior to the formal institution of a civil proceeding against the defendant.); ABA Committee on Ethics and Professional Responsibility, Informal Op. 1496 (1983) (ABA found that Rule 4.2 does not require an investigator employed by a government agency to contact a company's lawyer before commencing his investigation where the government agency is statutorily authorized to conduct such an investigation.)

In any case, it is not clear to the Court at this time why precluding the admission of the statements of Agredano and Anderson resulting from the *ex parte* contacts by the EEOC's investigator would change anything in this case as both Agredano and Anderson were subsequently deposed and their deposition testimony is admissible in evidence.

Also pending is Defendant's Motion in Limine No. 2: Preclude Chad Farr From Having Guide Dog at Trial (doc. #134).  Having considered the parties' memoranda in light of the oral argument of counsel, the Court finds that the motion should be denied.  To the extent that AutoZone believes that Farr's dependence on his guide dog is exaggerated, that is an issue it can present to the jury through evidence and argument.  The Court will permit the guide dog to remain in the courtroom during the trial so long as its presence does not disrupt the proceedings.

Also pending is Defendant's Motion in Limine No. 3 to Preclude Evidence or Testimony Regarding Worsening of Eyesight (doc. #135).  Having considered the parties' memoranda in light of the oral argument of counsel, the Court finds that the motion should be denied.  While AutoZone broadly requests pursuant to Fed.R.Evid. 403 that no witness be allowed to testify that Farr's eyesight is getting progressively worse based on its contention that any such testimony would contradict the medical evidence, the gist of the motion is directed at Farr's own testimony.  AutoZone's position is unpersuasive because courts have routinely held, pursuant to Fed.R.Evid. 701, that lay individuals are capable of reliably understanding and testifying about their own medical condition.  The issue of whether Farr's perception of the status of his eyesight is contradicted by the medical evidence is an issue for the jury to resolve.

Also pending is Defendant's Motion in Limine No. 6 to Preclude Photographs (doc. #138). Having considered the parties' memoranda in light of the oral argument of counsel, the Court finds that the motion should be granted. Since the plaintiffs have not opposed AutoZone's contention that photographs of Farr's family are irrelevant and prejudicial, no such photographs will be admitted into evidence. Furthermore, since the plaintiffs have opposed AutoZone's contention that photographs of Farr's guide dog are irrelevant and prejudicial only to the extent that the Court's bars the guide dog from the courtroom during trial, there is no remaining issue regarding the admissibility of these photographs since the Court is permitting the guide dog to remain in the courtroom. The Court will therefore not permit the proffered photographs of the guide dog to be admitted into evidence.

Also pending before the Court is Plaintiff's Motion to Exclude Testimony of Defense Expert Ginger McRae (doc. #141). Having considered the parties' memoranda in light of the oral argument of counsel, the Court finds that the motion should be denied.

While the plaintiffs argue that AutoZone's expert, Ginger McRae, is not qualified to be an expert in this case, the Court disagrees. McRae's 24-year career in labor and employment law renders her qualified for purposes of Fed.R.Evid. 702. While she has no specific expertise in the use of guide dogs as an accommodation in an ADA case, that does not preclude her from being qualified to opine as to the reasonableness of AutoZone's response to Farr's accommodation request under acceptable human resources practices. The weight to be given to McRae's testimony regarding the use of a guide dog as an ADA accommodation is for the jury to decide.

While the plaintiffs also argue that McRae's proffered testimony is inadmissible because it would not assist the jury in understanding the evidence or in determining the facts, the Court concludes that at least some of her testimony would be admissible. To the extent that the plaintiffs raise specific objections at trial to McRae's testimony, the Court will resolve those objections at that time.[2]

Therefore,

IT IS ORDERED that Plaintiff/Intervenor Farr's Motion in Limine to Preclude Reference to Settlement Negotiations (doc. #131) is denied.

IT IS FURTHER ORDERED that Defendant's Motion in Limine No.1: To Preclude Information Obtained Through Ex Parte Communications with Supervisors (doc. #133) is denied.

IT IS FURTHER ORDERED that Defendant's Motion in Limine No. 2: Preclude Chad Farr from Having Guide Dog at Trial (doc. #134) is denied.

IT IS FURTHER ORDERED that Defendant's Motion in Limine No. 3 to Preclude Evidence or Testimony Regarding Worsening of Eyesight (doc. #135) is denied.

IT IS FURTHER ORDERED that Defendant's Motion in Limine No. 6 to Preclude Photographs (doc. #138) is granted.

IT IS FURTHER ORDERED that Defendant's Motion in Limine No. 8 to Limit Damages (doc. #140) is denied.

---

[2] While the Court shares the plaintiffs' concerns regarding the relevance of McRae's expected testimony regarding the reasonableness of AutoZone's requests to Farr for his medical records and his guide dog's certification as there does not at this time appear to be any dispute among the parties that AutoZone was entitled to seek that information and was provided with the requested information, such relevance issues will be resolved at trial.

IT IS FURTHER ORDERED that Plaintiff's Motion to Exclude Testimony of Defense Expert Ginger McRae (doc. #141) is denied.

DATED this 16th day of December, 2008.

Paul G. Rosenblatt
United States District Judge